**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

ARTHUR NEWTON
ADC #150179                                                                                                                              **PLAINTIFF**

V.                             **CASE NO. 2:13CV00116 JLH/BD**

ANGELA MIXON and CORIZON                                                 **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## II.  Introduction:

Arthur Newton, an Arkansas Department of Correction inmate, filed this case *pro se* under 42 U.S.C. § 1983.  After screening the complaint, the Court found that Mr. Newton had stated deliberate-indifference claims against Defendants Corizon and Mixon and a retaliation claim against Defendant Mixon.  (Docket entry #3)  Defendants Mixon and Corizon moved for summary judgment on Mr. Newton's deliberate-indifference claims, and Mr. Newton responded to the motion.  (#23, #31)

In her motion, Ms. Mixon did not address Mr. Newton's retaliation claim. The Court notified the parties of its intent to consider summary judgment on Mr. Newton's retaliation claim as permitted by Federal Rule of Civil Procedure 56(f)(3).  (#32)  The parties have responded to the Order.  (#35, #36)

For the reasons set forth below, the Court recommends that Defendants' motion for summary judgment (#23) be GRANTED.

## III.  Discussion:

### A.  Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material

fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). A moving party must first present evidence that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must come forward with evidence showing that there is a genuine dispute that must be decided at a trial. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the nonmoving party does not submit enough proof to establish a necessary element of a claim, the moving party is entitled to judgment on that claim. *Celotex Corp.*, 447 U.S. at 322-23, 106 S.Ct. at 2552.

  B. Claims Against Defendant Corizon

Defendant Corizon contends that Mr. Newton failed to fully exhaust a grievance against it. The Court must address this issue prior to addressing the merits of Mr. Newton's deliberate-indifference claim against Corizon. See *Davis v. Harmon,* Case No. 10-1863, 2010 WL 3259378, (8th Cir. Aug. 19, 2010) (unpublished opinion) (holding that the trial court erred when it dismissed the case, with prejudice, on the merits without first considering the exhaustion issue, and dismissing without prejudice).

It is settled law that prisoners must exhaust all "available" remedies before filing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738, 121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a

complaint under § 1983 may be entertained"). For purposes of § 1983, an "available remedy" is one that is "capable of use for the accomplishment of a purpose; immediately utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001). If a claim is not fully exhausted by the time a lawsuit is filed, the Court must dismiss it. *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The prison's procedures, rather than federal law, set the rules for exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Furthermore, an inmate's beliefs as to the effectiveness of a prison's administrative procedures are irrelevant in determining whether administrative procedures were available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

Based upon the evidence presented, Mr. Newton fully exhausted three medical grievances in 2013 prior to filing his complaint. In grievances EA-13-01091, EA-13-01092, and EA-13-01093, Mr. Newton complained that Defendant Mixon: (1) stated that she called Dr. Obi at 2:00 a.m., and he said that Mr. Newton did not need to perform accu-check any more; (2) said his name was no longer on the diabetic shot list; and (3) did these things in retaliation or to harass him. (#25-1 at pp. 22-30) Corizon was not named in any of these grievances. Based on this undisputed evidence, and because Mr. Newton has not come forward with any evidence that he fully exhausted any grievance identifying Corizon, his claims against Corizon should be dismissed, without prejudice, for failure to exhaust.

Mr. Newton also argues that Corizon should be held responsible for Ms. Mixon's deliberate indifference because it was her employer. Corizon cannot be held responsible under 42 U.S.C. § 1983 on a theory that it is generally liable for the misconduct of its employees (also known as *respondeat superior* liability). See, *e.g.*, *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (no *respondeat superior* liability under 42 U.S.C. § 1983). A corporation, acting under color of state law, can be held liable only for its unconstitutional policies or practices. See *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006); *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). In other words, Corizon can be held liable only for its policies, customs, or official actions that caused Mr. Newton's injury. *Id*.

Mr. Newton claims Corizon was negligent for allowing employees to change inmate records in the computer. Assuming Mr. Newton is claiming this was a "policy or custom," this claim is refuted by the affidavit of Jane Fletcher. (#25-2) Ms. Fletcher, the Medical Records Director for the ADC's medical provider, stated that the software used by medical staff did not permit staff to remove inmates from the computer or database or otherwise change medical records. (#25-2) Mr. Newton has not come forward with evidence of a Corizon policy or custom that was unconstitutional, and its motion for summary judgment should be granted.

C. Deliberate-Indifference Claim Against Defendant Mixon

Mr. Newton has exhausted his deliberate-indifference claim against Defendant Mixon, but for the reasons set forth below, she is also entitled to summary judgment.

Determining whether an official was deliberately indifferent to an inmate's medical needs involves both objective and subjective analyses. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). To prevail, Mr. Newton first must establish that he suffered from an objectively serious medical need. *Id*. at 340. Because Defendant Mixon does not dispute that Mr. Newton suffered from a serious medical need, the Court will turn to the subjective component of the deliberate-indifference standard.

For Defendant Mixon to be liable, Mr. Newton must show that the she "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Newton must show "more than negligence, more even than gross negligence." *Fourte*, 746 F.3d at 387 (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). So, "[m]erely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference." *Jackson v. Buckman,* 2014 WL 2898459 (8th Cir. 2014). Instead, Mr. Newton must show that Defendant Mixon's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

6

Based on the undisputed evidence presented by Ms. Mixon, no reasonable jury could find that she acted with deliberate indifference to Mr. Newton's medical needs. On November 12, 2013, Mr. Newton was prescribed insulin at bedtime and 2.5 mg of glipizide, an oral medication that helps type II diabetes patients control blood sugar, to be taken twice daily. (#25-2 at p. 7) The prescription expired on May 12, 2013. (*Id*. at p. 9)

Dr. Obi ordered lab work for Mr. Newton on April 26, 2013. (*Id*. at p. 11) James Harold Simmons, Jr., M.D., reviewed the lab work and examined Mr. Newton on May 14, 2013. (*Id*. at pp. 13) He increased the glipzide to 10 mg daily but did not renew the prescription for insulin which had expired on May 12, 2013. (*Id*. at p. 14)

On May 27, 2013 at 3:08 a.m., Mr. Newton reported to the infirmary complaining that he could not test his blood sugar because there was not an order for it. (*Id*. at p. 15) Nurse Hibbs noted that Mr. Newton had been receiving a shot and testing his blood sugar twice a day, but that the order had expired on May 12, 2013. (*Id*.) She referred Mr. Newton to a provider to discuss diabetes. (*Id*.) On May 28, 2013, Dr. Obi renewed the order for insulin, and on June 3, 2013, Dr. Simmons entered an order for finger sticks twice daily and refilled his glipizide. (*Id*. at pp. 15-16)

When Mr. Newton went to the infirmary on the morning of May 25, 2013, there was not an active order for him to receive blood sugar checks or insulin injections, so Ms. Newton was not required to administer a blood sugar check or insulin injection. (#25-5 at p. 2) Further, because his insulin was being given to him in the evening, his blood sugar

checks would typically have been administered only in the evening. (*Id.*) Ms. Mixon was not responsible for evening blood sugar checks or insulin injections. (*Id.* at p. 5) In short, if Mr. Newton did not receive insulin injections after the order for injections expired, that was not Ms. Mixon's error. (#25-5 at p. 3)

Mr. Newton's hemoglobin A1c levels indicated good control of his diabetes throughout the relevant time period. (#25-2 at pp. 5-6, 8, 12, #25-3, #25-5 at p. 3) His blood sugar checks in May of 2013 were also good. (#25-2 at p. 3, #25-5 at p. 4)

Based on the undisputed evidence presented by Defendant Mixon, no reasonable jury could find that Ms. Mixon acted with deliberate indifference to Mr. Newton's medical needs. Even assuming Defendant Mixon was aware of Mr. Newton's need for medical treatment, he has failed to provide any evidence that her conduct rose to the level approaching "intentional maltreatment." (#25-5 at p. 5) When Ms. Mixon denied Mr. Newton a blood-sugar check and insulin on the morning of May 25, 2013, she was complying with the active orders in Mr. Newton's medical file. The evidence also shows that when the lack of orders was discovered, Mr. Newton was promptly provided appropriate care. (#25-5 at p. 2) Accordingly, Defendant Mixon is entitled to summary judgment on Mr. Newton's deliberate-indifference claim.

D.  Retaliation Claim Against Defendant Mixon

Finally, Mr. Newton claims that Ms. Mixon denied him treatment in retaliation for filing a grievance against her.[1] (#2 at pp. 3-4)  Otherwise constitutional conduct is unconstitutional if performed in retaliation for the exercise of a constitutionally protected right.  See *Nei v. Dooley*, 372 F.3d 1003, 1007 (8th Cir. 2004) (per curiam) (retaliatory conduct against the exercise of a constitutionally protected right is actionable, even if the conduct itself is not unconstitutional and the conduct would be proper if motivated by non-retaliatory reason).  Filing a grievance is protected First Amendment activity.  See *Dixon v. Brown*, 28 F.3d 379 (8th Cir. 1994) (filing a prison grievance is protected First Amendment activity).

To prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendant took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action.  *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).  To make this showing,

---

[1] In his complaint, Mr. Newton references a grievance he filed in April 2013, that he claims infuriated Ms. Mixon. (#2 at pp. 2-4, 15)  This grievance was filed, however, against two officers and Ms. Prophet. (#2 at p. 15)  Mr. Newton also references a grievance he filed May 18, 2013. (#2 at pp. 2-4, 13)  In that grievance, Mr. Newton stated that Ms. Mixon was wrong to report that his blood sugar level was normal and complained that Sargent Pharr told him to return to his barracks instead of sending him to chow call after his diabetic check. (#36-2)  Neither grievance was treated as a medical grievance. (#36-2)

a plaintiff must provide affirmative evidence of a retaliatory motive. *Wilson v. Northcutt*, 441 F.3d 586, 592 (8th Cir.2006).

Here, assuming Mr. Newton's version of events to be accurate, he has offered no evidence of a retaliatory motive on the part of Defendant Mixon. According to Ms. Mixon's affidavit, she was unaware until Mr. Newton filed this lawsuit that he had filed any grievances involving her. (#36-1 at p. 3) Moreover, Ms. Mixon's actions did not chill Mr. Newton from filing additional grievances. In fact, he filed three grievances against Ms. Mixon on May 31, 2013, just days after the alleged incident, and another medical grievance involving his medications on June 10, 2013. (#25-1 at p. 21)

Based on the evidence presented, Defendant Mixon is entitled to judgment as a matter of law on Mr. Newton's retaliation claim.

## IV.  Conclusion:

The Court recommends that Corizon and Angela Mixon's motion for summary judgment (#23) be GRANTED. Mr. Newton's claims against Corizon should be DISMISSED, without prejudice. His claims against Defendant Mixon should be DISMISSED, with prejudice.

DATED this 17th day of October, 2014.

_____
UNITED STATES MAGISTRATE JUDGE